UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BRIAN LOVEJOY,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

                                      /

Criminal Case No. 13-20817
Civil Case No. 15-13896

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER TRANSFERRING SUCCESSIVE MOTIONS UNDER 28 U.S.C. § 2255 [19, 21, 25, 27, 31, 33, 34, 35] TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Movant pleaded guilty to a charge of wire fraud in this Court on December 13, 2013. On April 30, 2014, judgment was entered reflecting Movant's conviction and sentence of 41 months of imprisonment. Movant did not appeal his conviction or sentence.

On April 27, 2015, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255 [Dkt. #14]. On September 28, 2015, the Court issued an Order [18] summarily dismissing Movant's § 2255 motion. On October 1, 2015, Movant filed a second Motion to Vacate, Set Aside, or Correct

1

Sentence [19], which he had apparently written and mailed prior to the dismissal of his first motion. On October 7, 2015, the Court issued an Order [20] summarily dismissing the second motion.[1] On November 4, 2015, Movant filed a third Motion to Vacate, Set Aside, or Correct Sentence [21]. On November 12, 2015, the Court issued an Order [24] summarily dismissing the third motion. Since that date, Movant has filed thirteen additional papers.

Before filing, in this Court, a second or successive motion to vacate sentence under 28 U.S.C. § 2255, a movant must first file a motion in the Sixth Circuit for an order authorizing this Court to review the motion. 28 U.SC. §§ 2255(h), 2244(3)(A). If a successive § 2255 motion is filed in this Court without such authorization, the Court lacks jurisdiction over it and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)). Here, since the Court's denial of his first three § 2255 motions, Movant has filed four motions [25, 27, 31, 34] explicitly labeled as motions to vacate or set aside his sentence. Because all arguments raised in these motions could have been raised in his first

---

[1] Movant's first and second § 2255 motions presented an identical argument apparently based on the fact that the word "corpus" is used both in trust law and the term "habeas corpus." Movant argued that he is the principal of a trust over his body (the corpus), and that the Court is the trustee. Because a trustee is obliged to follow instructions from the trust principal, Movant argued that the Court is obliged to order his release upon Movant's demand.

§ 2255 motion, they are successive motions. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007) (citing *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)). The Court will therefore transfer them to the Sixth Circuit. The Court also acknowledges that it improperly dismissed Movant's second and third § 2255 motions [19, 21] where it should have transferred them to the Sixth Circuit. The Court will transfer them now.

The Court also concludes that two of Movant's other filings should be recharacterized as § 2255 motions and transferred to the Sixth Circuit. Movant's Notice of Cancellation of Surety [33] argues that the criminal judgment against Movant is void. Similarly, his Motion for Writ of Acquietandis Plegiis [35] argues that Movant's guilty plea was involuntary due to alleged fraud by the government. Because both motions are collateral attacks on his conviction and raise no arguments that could not have been raised in Movant's first § 2255 motion, the Court recharacterizes them as successive § 2255 motions. The Court acknowledges that "under the rule set forth in *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), a district court normally must provide notice to the movant and an opportunity to withdraw the motion before recharacterizing a motion as a § 2255 motion." *Nailor*, 487 F.3d at 1023 n.3. However, since Movant "has previously filed a § 2255 motion, the rule of *In re Shelton* is of no consequence." *Id.* (citing *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006)). In other words,

recharacterizing the instant motions cannot unfairly trigger the bar on successive motions, since it has already been triggered by Movant's previous filings. The Court will transfer the recharacterized filings [33, 35] to the Sixth Circuit.

Accordingly,

**IT IS ORDERED** that Movant's successive motions to vacate his sentence under 28 U.S.C. § 2255 [19, 21, 25, 27, 31, 33, 34, 35] are **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.

Dated: March 4, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge